The State of Louisiana *v.* the Judge of the Sixth Judicial
District.

The Act " to provide for the trial of recused cases out of the city of New Orleans," approved April 28th
1853, is unconstitutional.

ON an application for a mandamus to the Judge of the Sixth Judicial District
Court of East Baton Rouge.

*J. G. & P. H. Morgan,* for appellant.

Slidell, C. J.   In a case pending before the Judge of the Sixth Judicial District, he recused himself, and the plaintiff in the suit, after the defendant had refused to unite with him in selecting a member of the bar, moved the Court to select three members of the bar from those then in attendance, out of whom one should be chosen by lot, to hear, try and determine the cause, in conformity to the provisions of an Act entitled, "An Act to provide for the trial of recused cases out of the city of New Orleans," approved April 28th, 1853.

The District Judge refused to do so, being of opinion that the Statutory imposition of such a duty upon him was unconstitutional. To test the question speedily, the Judge accepted service of an application for mandamus, and signed an answer, giving his reasons for rejecting the motion.   All questions of form are waived.

We have no hesitation in refusing the mandamus.

The Statute is in these words :

"An Act to provide for the trial of recused cases out of the city of New Orleans :

Section 1.   Be it enacted by the Senate and House of Representatives of the State of Louisiana in General Assembly convened : That whenever the Judge of an inferior Court in this State, the parish of Orleans excepted, is interested, or has acted as attorney or counsel in any case instituted, or which may be instituted in such Court, or who is related to either of the parties by consanguinity in the ascending or descending line, or collaterally to the fourth degree, inclusive, or is disqualified in any other way by law, and is recused by either of the parties, or recuses himself, that such case or cases shall be heard, tried and determined, as well upon final hearing as upon application for interlocutory orders, in the following manner, to wit:   The parties by their counsel select some member of the bar in attendance on the Court, and in the event they do not make such selection, then it shall be the duty of the Court to select at least three members of the bar in attendance as aforesaid, not of counsel, in interest, or related to the parties in the manner above set forth, and from that number one shall be chosen by lot; when such selection in either of the two ways aforesaid shall be made, it shall be the duty of the Judge to retire for the time from the bench, and the said member of the bar so selected shall take his place, and hear, try and determine the case or cases for which he shall have been so selected.

SEC. 2. Be it further enacted, &c., In all cases, and every case, tried, heard and determined according to the provisions of the foregoing section, it shall be the duty of the Judge to enter the proceedings in the Court by virtue of this Act, as if the same had been had before him, and it shall be his duty to sign all, every and any judgment, or judgments, decree or decrees, to be rendered in the case or cases, as the same would have been signed had the judgment or decree been rendered by him when presiding in Court, and in every other respect, the records, minutes and proceedings shall be and appear as if the selection provided for by this act had not been made, and appeals from any judgment or decree thus rendered shall be granted and allowed by the Judge as by law now provided in other cases.

SEC. 3. Be it further enacted, &c., The member of the bar thus selected, according to the provision of this Act, shall, during the time occupied in the trial of causes by virtue of this act have the same power to preserve order in Court, and punish for contempt, as is vested by law in the Judges of the several Courts.

SEC. 4. Be it further enacted, &c., That the attorney thus appointed to sit on the trial of the cause, shall take the oath prescribed by the Constitution before taking the bench.

SEC. 5. Be it further enacted, &c., That all Acts or part of Acts, not in accordance with the above and foregoing provisions, be and the same are hereby repealed.

SEC. 6. Be it further enacted, &c., That this Act shall take effect from and after the third Monday of June, eighteen hundred and fifty-three."

The Article 61 of the Constitution decrees that the judiciary power shall be vested in a Supreme Court, in such inferior Courts as the Legislature may from time to time order and establish, and in Justices of the Peace.

The Art. 81 declares that the Judges of the several inferior Courts shall be elected by the duly qualified voters of their respective districts or parishes.

Power, therefore, is granted to the Legislature to establish inferior Courts; but the power to choose the Judges thereof, when established, is vested elsewhere—namely, in the qualified voters of the particular district or parish.

The Constitution, having thus provided, in terms not of permission, but of command, how Judges of inferior Courts shall be chosen, it follows that the Legislature had no constitutional power to prescribe any other mode.

Is this Act, then, an attempt to prescribe another mode of choosing an inferior Judge? For if it be, it is repugnant to the Constitution, and therefore void.

There can be but one answer to the question. The person to be chosen in the manner prescribed in the Statute would certainly be, if his appointment were valid, a Judge *pro hac vice.* He is to hear, try, and determine the cause.

It is in vain to say that the judgment he is to render is to be signed by the District Judge, and therefore is the judgment of the latter. The District Judge, under the Statute, is a mere instrument for the performance of a mechanical duty. The mental duty is performed by the temporary functionary, and the judgment is essentially his judgment.

But if we could be permitted, disregarding substance and looking to forms, to treat the judgment as the judgment of the District Judge, and not of the person so chosen for the occasion, an insuperable constitutional consideration would forbid us to compel the District Judge to act as required. For in that

THE STATE OF LA. view of the matter the Statute imposes on the District Judge a duty which
*v.*
JUDGE OF SIXTH   cannot be reconciled with another and paramount duty imposed upon him by
DISTRICT.
                 the Constitution.

By Art. 72, "The Judges of all the Courts within the State shall, as often as
it may be possible so to do, in every definitive judgment, refer to the particular
law in virtue of which such judgment may be rendered, and in all cases adduce
the reasons on which their judgment is founded." The Statute not only re-
quires the District Judge to sign a judgment which he never rendered, but vir-
tually to adopt reasons which he never gave, or else (which is the only alterna-
tive) give a judgment without any reasons, predicated upon the law or facts of
the case. Either would be a violation of his constitutional duty, and it is obvi-
ous, therefore, he has a right to refuse.

It is therefore decreed that the application for mandamus be dismissed at the
costs of the applicant.